<div style="writing-mode: vertical-rl">**UNITED STATES DISTRICT COURT**
For the Northern District of California</div>

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| RISHI BHANDAL, | No. C 12-2140 LB |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| BANK OF AMERICA, N.A., ET AL., | |
| Defendants. | |
| _____/ | |

## I. FACTS

Plaintiff filed this lawsuit on April 30, 2012, and consented to the undersigned's jurisdiction on July 19, 2012. *See* ECF Nos. 1, 5. On August 28, 2012, the court issued an order noting that Federal Rule of Civil Procedure 4(m)'s 120-day time period to serve Defendants expired on August 28, 2012 and directing Plaintiff to serve the Defendants and file proof of service by September 14, 2012 or else risk dismissal of his case. Order, ECF No. 6.

Mr. Levy has not responded to the court's order. *See generally* Docket.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. The 120 days for service runs from the date of the original complaint. *See* Fed. R. Civ. P. 4(m). A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. *Id.* If good cause appears, the court must extend the time for service for an appropriate period. *Id.* Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512

ORDER (C 12-1240 LB)

(9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993; *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

## III. DISCUSSION

### A. Whether Plaintiff Can Demonstrate Good Cause

Plaintiff has not responded to the court's order to show cause. Accordingly, he has not demonstrated good cause. Additionally, the court does not find that Plaintiff will be unduly prejudiced by a dismissal without prejudice. He has had ample opportunity to provide the Clerk of the Court with an address at which to serve Mass Mutual, such that the court likely could dismiss his claims for failure to prosecute under Rule 41(b), which would preclude any future suit. Given the court's lenient approach to Plaintiff's inexcusable silence and delay, any prejudice is solely attributable to his actions.

### B. Whether this Court Can Dismiss the Case

Plaintiff has consented to this court's jurisdiction. Consent (Plaintiff), ECF No. 5. The court does not require the consent of the Mass Mutual to dismiss an action when it has not been served and therefore is not a party under 28 U.S.C. § 636(c). *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction). Accordingly, the court can dismiss Plaintiff's case.

## IV. CONCLUSION

For the reasons stated above, the court **DISMISSES** this case without prejudice. The Clerk of the Court is directed to close the file.

ORDER (C 12-1240 LB)

2

**IT IS SO ORDERED**.

Dated: November 21, 2012

_____
LAUREL BEELER
United States Magistrate Judge

Case3:12-cv-02140-LB   Document7   Filed11/21/12   Page4 of 4